UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FITZROY McNEILL,

       Plaintiff,         **MEMORANDUM & ORDER**

   -against-             16-CV-02058 (NGG)

LEE'S TOYOTA; ELIOT SALOW, MANAGER
OF LEE'S TOYOTA; THE COMMISSIONER
OF THE NYS DEPARTMENT OF MOTOR
VEHICLES,
       Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

   Pro se Plaintiff Fitzroy McNeill brings this action against Defendants Lee's Toyota ("Lee's"), Eliot Salow (the manager of Lee's), and the Commissioner of the New York State Department of Motor Vehicles (the "DMV"). (Compl. (Dkt. 1).) Plaintiff has also moved for leave to proceed in forma pauperis. (Mot. for Leave (Dkt. 2).) The court GRANTS Plaintiff's motion to proceed in forma pauperis for the limited purpose of this Memorandum and Order. For the following reasons, however, the court DISMISSES Plaintiff's Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

**I. BACKGROUND**

   The following facts are taken from the Complaint and attached Affidavit, and they are presumed to be true for the purpose of this Memorandum and Order. On April 26, 2013, Plaintiff entered into a contract to purchase a vehicle from Defendant Lee's. (Compl. at 3.)[1] According to Plaintiff, "[a]s part of the finance agreement, within the contract, [Lee's] also sold

---

[1] As the pages of the Complaint and Affidavit are not consecutively paginated, the court refers to the page numbers assigned by the Electronic Case Filing System.

1

to [him] the registration of the vehicle." (Id.) Soon thereafter, Plaintiff learned that he could not drive and should not have been able to register the vehicle, because "25 outstanding judgments were on [his] name and/or Driver's License." (Id.)

Upon learning that he could not drive the vehicle, Plaintiff attempted to return it to Lee's. (Id.) According to Plaintiff, Defendant Salow told him, "'I don't know how [the seller] missed this,'" but Salow refused to take back the vehicle. (Id.) The vehicle was later towed, and Plaintiff "was compelled to pay over $5000 . . . in order to repossess the car." (Id.) Plaintiff continued his attempts to return the vehicle to Lee's over several months before Lee's eventually repossessed the vehicle. (Id.) On June 4, 2014, Toyota Motor Credit Corporation sent Plaintiff a letter demanding payment of $5,941.50. (Id.)

Plaintiff argues that Lee's "violated consumer protection laws and fairness." (Id.) According to Plaintiff, the contract of sale stated: "Seller has complied with all consumer protection, insurance and other laws and regulations applicable to the sale of any item contained in this contract," and "Seller has complied with all applicable requirements of the FTC Used Motor Vehicle Trade Regulation Rule." (Id.) Plaintiff maintains that "the Commissioner of the DMV, Eliot Salow and Lee's Toyota[] broke the law in order to get money from me." (Id.) He further states: "The [DMV] and Toyota Corporation, having broken the law by registering a vehicle to me when the law clearly forbade it, should not be able to legally claim I owe them anything." (Id. at 4.)

The Complaint cites New York's Property Condition Disclosure Act, General Business Law Article 22, and the Department of Motor Vehicle Law, as well as 42 U.S.C. § 1983, 15 U.S.C. §§ 45 and 57a, and the "Consumer Protection Laws of the United States."[2] (Id. at 1, 5.)

---

[2] Plaintiff has not specified what federal consumer protection law he seeks to invoke, and the court is not aware of any that would apply to the facts of his case.

2

Plaintiff requests $6,000 in compensation and that "all references of the debt of $5,941.50 be terminated and expunged from all records affected by Toyota's business reporting." (Id. at 4.)

## II. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)(B)

Pro se filings are construed liberally and are interpreted to raise the strongest arguments they suggest. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). This is especially true when such pleadings allege civil rights violations. Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191 (2d Cir. 2008). At the pleadings stage, a court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in a complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A pro se complaint should not be dismissed without granting leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (quotation marks and citation omitted).

Nevertheless, a district court must dismiss an action filed by a plaintiff proceeding in forma pauperis where the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Iqbal, 556 U.S. at 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

## B. Subject Matter Jurisdiction

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Chestnut v. Wells Fargo Bank N.A., No. 11-CV-5369 (JS) (ARL), 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."); Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) ("Where jurisdiction is lacking, the district court must dismiss the Complaint without regard to the merits of the lawsuit." (citing Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996))). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal subject matter jurisdiction generally is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331 and 1332. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or

4

treaties of the United States." 28 U.S.C. § 1331. "A claim alleging federal-question jurisdiction 'may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is immaterial . . . or is wholly insubstantial and frivolous.'" Chestnut v. Wells Fargo Bank, N.A., No. 11-CV-5369 (JS) (ARL), 2012 WL 601785, at *3 (E.D.N.Y. Feb. 22, 2012) (quoting Hughes v. Rowe, 449 U.S. 5, 9 (1980)).

## III. DISCUSSION

The majority of Plaintiff's claims sound in state law. The court does not have jurisdiction over violations of New York's Property Condition Disclosure Act, General Business Laws, or Department of Motor Vehicle Laws. Moreover, disputes over contracts, such as the finance agreement Plaintiff entered into, generally are matters of state law. See GMG Transwest Corp. v. PDK Labs, Inc., No. 07-CV-2548 (TCP) (ARL), 2010 WL 3710421, at *3-4 (E.D.N.Y. Aug. 12, 2010) (noting that absent an applicable federal statute, federal courts lack jurisdiction over private contract claims), report & recommendation adopted, 2010 WL 3718888.

It appears that Plaintiff seeks to invoke the court's federal question jurisdiction through 15 U.S.C. §§ 45 and 57a, as well as 42 U.S.C. § 1983. For the following reasons, however, the court finds that Plaintiff has not alleged a colorable federal claim under any of these provisions sufficient to invoke the court's jurisdiction.

Sections 45 and 57a of the Federal Trade Commission Act ("FTCA") prohibit unfair or deceptive practices affecting commerce and provide mechanisms for the Federal Trade Commission to enforce the Act. However, the FTCA does not provide a private right of action. See Shostack v. Diller, No. 15-CV-2255 (GBD) (JLC), 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) ("'Nowhere does the [FTCA] bestow upon either competitors or consumers standing to enforce its provisions.'" (quoting Alfred Dunhill Ltd. v. Interstate Cigar Co., 499

F.2d 232, 237 (2d Cir. 1974))); Holloway v. Bristol-Myers Corp., 485 F.2d 986, 987 (D.C. Cir. 1973) ("[P]rivate actions to vindicate rights asserted under the Federal Trade Commission Act may not be maintained."). Accordingly, Plaintiff lacks standing to bring suit under the FTCA.

Plaintiff also cites to 42 U.S.C. § 1983, which provides procedures for redress of the deprivation of civil rights. In order to maintain a civil rights action under § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted). A § 1983 plaintiff seeking to recover money damages must also establish that the named defendant was personally involved in the wrongdoing or misconduct complained of. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Defendants Lee's and Eliot Salow are a private entity and private individual, respectively. Plaintiff has not suggested that either may be considered state actors under § 1983. The Commissioner of the New York State DMV potentially could be held liable under § 1983, but Plaintiff has alleged no facts suggesting the Commissioner's personal involvement in the actions

or outcome Plaintiff seeks to have vindicated. Accordingly, Plaintiff has failed to allege a colorable claim arising under § 1983.

## IV. CONCLUSION

For the reasons set forth above, the court DISMISSES the Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). See Chestnut, 2012 WL 601785, at *3-5 (dismissing, sua sponte, pro se complaint pursuant to Rule 12(h)(3) and § 1915(e)(2)(B) for failure to allege colorable federal claims invoking the court's subject matter jurisdiction). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: Brooklyn, New York
May 1 2, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge